**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000552
13-JUN-2025
08:30 AM
Dkt. 56 SO**

NO. CAAP-23-0000552

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ARTHUR ONG, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-22-026436)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Arthur Ong (**Ong**) appeals from the August 25, 2023 Notice of Entry of Judgment And/Or Order and Plea/Judgment (**Judgment**), entered by the District Court of the First Circuit (**District Court**)[1] in favor of Plaintiff-Appellee State of Hawaiʻi (**State**).

Ong raises a single point of error on appeal, contending that the District Court erred in finding and concluding that there was sufficient evidence to convict Ong of Collisions Involving Damage to Vehicle or Property, in violation of Hawaii Revised Statutes (**HRS**) § 291C-13 (Supp. 2021).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1] The Honorable Karin L. Holma presided.

the arguments advanced and the issues raised, we resolve Ong's point of error as follows:

This case stems from a vehicle collision that occurred in Honolulu on July 8, 2022, involving Ong and William Nakamura (**Nakamura**).  During a bench trial, Nakamura testified that the accident occurred in front of Maryknoll School, just before the freeway on-ramp going westbound.  Nakamura testified that he "got sideswiped," and that the back corner of Ong's vehicle, which was a white truck, collided with the front corner of Nakamura's vehicle, which caused damage which could be seen on Nakamura's vehicle as a blue and possibly black scratch.  Nakamura further testified that, after the collision, he continued driving behind Ong, then alongside Ong, honked multiple times at him, that Ong looked at him, and that even after driving over half a mile, Ong did not stop or pull over, despite that there were "shoulder lanes along the freeway [where they] could have possibly pulled over."  Nakamura testified that he had to drive someone to the airport, drove to the airport, and subsequently reported the incident to the police.

Ong, the only other witness to testify at trial, testified that sometime later, while he was in the Philippines, he received a call from police and was informed that he had been in an accident.  He testified that he was asked whether his truck was blue, to which he replied "no, it's white," but that the bolts under his vehicle were blue.  Additionally, Ong testified that he recalled that on the day in question, a vehicle suddenly stopped on his right side, that he did not remember any honking, that the driver "stuck his finger at [him]," passed him, and that

2

finally, Ong took the Vineyard off-ramp, went to Lowe's and checked his vehicle and saw "there was no damage." Ong also testified that it was not the first time he had been in a car accident, and that he's "always called the police."

After closing arguments, the District Court found Ong guilty as charged, stating:

> Mr. Ong, the Court does find you guilty.
>
> Court finds that the State presented evidence beyond a reasonable doubt that . . . you did violate 291C-13. Court finds that on July 8, 2022, as presented by the testimony of Mr. Nakamura, whom the Court found to be credible, that he was driving, and that he was sideswiped by you. Mr. Nakamura credibly testified that you were the person that he identified as the person who sideswiped him. He testified that he tried -- essentially, he honked at you. You said he flipped the finger at you. He may have done that. But in any event, he tried to get your attention, and you did not take any action whatsoever. So, the Court does, again, find him to be credible.
>
> Mr. Ong, you testified that you kept driving, and you went to the Lowe's parking lot where you checked your truck, and you determined that there was no damage to the truck, so you assumed nothing had happened. That leads the Court to believe that, in fact, you knew something had happened on July 8th, 2022.
>
> But in any event, the Court is persuaded by the testimony of Mr. Nakamura.
>
> And the Court does find you guilty.

Ong argues that there was insufficient evidence that the collision damaged Nakamura's vehicle and/or that Ong could have stopped at or near the scene of the collision "without obstructing traffic more than is necessary," in part because "Nakamura was not asked, nor did he testify that the damage he saw and photographed was the result of the collision," and because the statute plainly requires that the collision must result in damage to either vehicle.

We review the sufficiency of evidence as follows:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate

3

> court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.
>
> 'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (cleaned up).

> Verdicts based on conflicting evidence will not be set aside where there is substantial evidence to support the trier of fact's findings.  We have defined substantial evidence as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.  It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact.

State v. Mattiello, 90 Hawaiʻi 255, 259, 978 P.2d 693, 697 (1999) (cleaned up).

> HRS § 291C-13 states:
>
> **§ 291C-13 Collisions involving damage to vehicle or property.**  The driver of any vehicle involved in a collision resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop the vehicle at the scene of the collision or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the collision until the driver has fulfilled the requirements of section 291C-14.  Every stop shall be made without obstructing traffic more than is necessary.  For any violation under this section, a surcharge of up to $100 may be imposed, in addition to other penalties, which shall be deposited into the trauma system special fund.

Here, evidence was adduced at trial to support that Ong was involved in a collision resulting in damage to the driver's side front fender of Nakamura's vehicle, and that Ong understood he had been involved in a collision as evidenced by him checking his truck for damage at the Lowe's parking lot, and although he could have, Ong did not stop at the scene of the collision or close thereto.  Ong testified largely to the contrary; however, the District Court found Nakamura's testimony to be credible, and

4

expressed doubt concerning Ong's testimony.  This court will not pass upon the credibility of these testifying witnesses.  We conclude that there is substantial evidence to support the District Court's conclusion.

For these reasons, the District Court's August 25, 2023 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, June 13, 2025.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge